IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST James C. WOOD, Attorney at Law.

Supreme Court

*No. 90-2559-D. Filed January 21, 1992.*

(Also reported in 478 N.W.2d 839.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney publicly reprimanded.*

We review the recommendation of the referee that
Attorney James C. Wood be publicly reprimanded as
discipline for professional misconduct. That misconduct
consisted of his misrepresentation to an administrative
agency concerning the reason he requested an adjourn-
ment of a hearing, his acceptance of compensation for
legal services from a person other than his client without
first obtaining the client's consent after full disclosure
and his failure to answer questions and provide relevant
information to the Board of Attorneys Professional
Responsibility (Board) during its investigation into his

conduct. We accept the referee's recommendation and publicly reprimand Attorney Wood for that misconduct.

Attorney Wood was admitted to practice law in Wisconsin in 1969 and practices in Milwaukee. In 1985 the Board privately reprimanded him for professional misconduct. The referee in this proceeding is Attorney S. Michael Wilk.

On the basis of the parties' stipulation, the referee made the following findings of fact. In 1987 Attorney Wood undertook to represent a man in an employment discrimination matter before the Equal Rights Division of the Wisconsin Department of Industry, Labor and Human Relations. Three days before a scheduled hearing in the matter Attorney Wood contacted the administrative law judge and requested an adjournment, stating that he had a trial scheduled for that date. The matter was referred to the director of the Equal Rights Division legal bureau for approval, to whom Attorney Wood repeated his reason for seeking an adjournment, saying he had a criminal jury trial in federal court on the date scheduled for the administrative hearing. He had also told his client he would seek an adjournment because of a scheduled court appearance.

Further investigation disclosed that Attorney Wood's reason for requesting the adjournment was not that he had a trial scheduled but that he was going to Arizona to obtain a statement in connection with another client's matter. Attorney Wood admitted this to the director, who found him in contempt for lying to a tribunal and authorized the employer's attorney to petition the circuit court for sanctions. The matter of sanction was resolved when Attorney Wood agreed to reimburse the employer's witnesses, in the amount of $500, for non-refundable airline tickets they had purchased to attend the hearing. The referee concluded that Attorney

Wood's actions constituted conduct involving dishonesty, deceit and misrepresentation, in violation of former SCR 20.04(4),[1] and that he violated former SCR 20.36(1)(e)[2] by knowingly making a false statement of fact in the representation of a client.

In another matter, in August, 1987, Attorney Wood was asked by a man to represent a woman being held in jail on three counts of conspiring to sell cocaine. Attorney Wood contacted the woman and told her he had been requested by an unnamed individual to represent her. Although he did not specifically identify or name that individual to the woman, she agreed to his representation. Attorney Wood continued to represent her throughout the criminal proceedings but never specifically told her the name of the person who had retained him.

In his report, the referee stated that, although Attorney Wood did not give the woman the name of the person who was paying for her legal fees, he gave her enough information for her to conclude that it was one of the persons involved in criminal activity with her and

---

[1]SCR 20.04 provided:

**Misconduct.** A lawyer shall not:

. . .

(4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

[2]SCR 20.36 provided:

**Representing a client within the bounds of the law.** (1) in his or her representation of a client, a lawyer may not:

. . .

(3) Knowingly make a false statement of law or fact.

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:3.3(a)(1).

she would be better off not knowing his name, lest she be asked to identify him during testimony before a grand jury or otherwise. The referee concluded that the woman in fact knew the identity of the person.

During the Board's investigation of the grievance filed by the employer's attorney in the first matter, the Board asked Attorney Wood to provide information concerning the second matter, including the name of the individual who had retained him to represent the woman. Attorney Wood refused to do so.

The referee concluded that in this matter Attorney Wood violated former SCR 20.30(1)(a)[3] by accepting compensation for legal services from one other than his client without obtaining client consent after full disclosure of the identity of the person who was paying for the representation. Also, Attorney Wood violated SCR 22.07(3)[4] by failing to answer questions and present relevant information to the Board during its investigation.

---

[3]SCR 20.30 provided:

**Avoiding influence by others than the client.** (1) Except with the consent of the lawyer's client after full disclosure, a lawyer may not:

    (a)   Accept compensation for legal services from one other than the client.

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:1.8(2)(f).

[4]SCR 22.07 provides:

**Investigation.**

  . . .

    (3)   The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

As discipline for his misconduct, the referee recommends that the court publicly reprimand Attorney Wood. The referee also recommends that Attorney Wood be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law. We determine that a public reprimand is appropriate discipline to impose for Attorney Wood's professional misconduct in these matters.

IT IS ORDERED that Attorney James C. Wood is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order James C. Wood pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James C. Wood to practice law in Wisconsin shall be suspended until further order of the court.