IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James C. WOOD, Attorney at Law.

Supreme Court

*No. 93–2615–D. Filed February 15, 1995.*

(Also reported in 526 N.W.2d 513.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney James C. Wood to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct. That misconduct consisted of his having commenced two civil actions against a client for the purpose of harassing or injuring the client and doing so with malice, obtaining a default judgment in one of them by means of misrepresentation and getting a copy of the defendant's personal insurance records by dishonest means. We determine that the recommended 60-day license suspension is appropriate discipline for Attorney Wood's abuse of the legal process by pursuing litigation merely to harass or maliciously injure a person, for his misrepresentations in the course of that litigation and for his dishonest conduct in this disciplinary proceeding.

Attorney Wood was licensed to practice law in Wisconsin in 1969 and practices in Milwaukee. He has twice previously been disciplined for professional misconduct: in 1985, he consented to a private reprimand by the Board of Attorneys Professional Responsibility (Board) for, among other things, misusing his status as an attorney and using information he obtained in representation of a client against the client; in 1992, the court publicly reprimanded him for misrepresenting to an administrative agency the reason he requested an adjournment of a hearing, accepting compensation for

legal services from a person other than his client without obtaining his client's consent after full disclosure and failing to answer questions and present relevant information to the Board during its investigation, *Disciplinary Proceedings Against Wood,* 165 Wis. 2d 718, 478 N.W.2d 839.

On the basis of testimony and evidence presented at a disciplinary hearing, the referee, Attorney Stanley Hack, made the following findings of fact. For a number of years, Attorney Wood had represented a client, who was also a social friend, and various members of his family. On January 7, 1988, Attorney Wood's employee used the client's motor vehicle in the course of his employment. When the vehicle was returned to the client, it was not operating properly and there was a question as to who was responsible for the damage to the vehicle. Attorney Wood paid for the towing of the car and for a rental car for the client's use while his vehicle was being repaired.

Thereafter, a dispute arose between Attorney Wood and the client regarding who should pay for the damage and the towing and car rental expenses. On February 29, 1988, Attorney Wood commenced a small claims action against the client seeking damages of $783.75. Attorney Wood and the defendant appeared in small claims court on the return date and were sent to the chambers of the circuit judge for a pretrial conference. The judge's clerk was not present in chambers during that conference but when it ended, the judge told her of the various orders he had made. The clerk then entered the court's pretrial order into the record and prepared a postal card setting forth the trial date and, to assist the defendant, who had appeared without counsel, she noted on the card the matters and time limits set forth in the pretrial order. The defendant had

answered the small claims complaint orally at the pretrial, denying its allegations, and the judge did not order him to file a written answer to the complaint.

Thereafter, Attorney Wood filed a motion for default judgment, claiming that the judge had ordered the defendant to answer the complaint in writing by a date certain but he failed to do so. Attorney Wood did not serve the defendant with a copy of that motion, despite the fact that the defendant had appeared in person in the action and the rules of civil procedure required that he be served a copy. When the judge's clerk declined to enter the default judgment because her notes did not reflect that the judge had ordered the defendant to file an answer, Attorney Wood on several occasions insisted to the clerk that the judge had ordered a written answer to be filed, ultimately prevailing upon her to alter the court record with a notation that an answer had been required. The clerk later realized she had made an error and that, because the judge had not ordered a written answer, Attorney Wood was not entitled to default judgment.

After the defendant was notified of entry of the default judgment, he contacted the clerk, who told him that its entry was in error and that she would correct it. The clerk then assisted the defendant in filing a motion to set aside the judgment. Attorney Wood filed a response opposing that motion but it was granted for his failure to appear at the hearing on it.

The small claims action was subsequently settled and dismissed on condition that the defendant pay Attorney Wood $750 in installments. Attorney Wood subsequently asked the court to vacate the dismissal of the action because the defendant was not making the required payments, specifically the payments for June and July, 1989. A motion to vacate was scheduled for

hearing on July 17, 1989 and prior to that date the defendant gave Attorney Wood checks for the June and July, 1989 payments, which Attorney Wood negotiated prior to the hearing. When the defendant failed to appear at the hearing, Attorney Wood obtained a default judgment against him for the balance due on the original amount plus motion costs, interest and other taxable costs.

After unsuccessfully attempting to settle the matter with Attorney Wood, the defendant filed a motion to reopen the case. At the hearing on that motion, the matter was settled by the defendant's agreement to pay Attorney Wood the sum of $300 plus $25 costs.

Prior to filing the motion to reopen, the defendant had gone to Attorney Wood's office to offer to settle the matter. After he left the office, Attorney Wood claimed his tape recorder was missing and that he had seen the defendant with it in his office library. Attorney Wood then commenced a small claims action against the defendant alleging that he had stolen the tape recorder. In that action, Attorney Wood sought $250 in actual damages, which the referee found exceeded the value of the recorder, and $1,500 in punitive damages. The defendant filed a counterclaim alleging abuse of process, claiming Attorney Wood's conduct was malicious. Finding that Attorney Wood had abused process in both small claims actions and had done so with malice, the jury awarded the defendant $7,000 in punitive damages and the award was affirmed on appeal.

Shortly before the hearing in the disciplinary proceeding, Attorney Wood sought to obtain a copy of the declaration page of the defendant's auto insurance policy in force at the time his vehicle was damaged. Although that document could have been subpoenaed, Attorney Wood retained a private investigator, who

telephoned the insurer and identified himself as the defendant. At the investigator's request, the insurer sent a copy of the declaration page of the policy by fax to a telephone number she believed was the defendant's but, in fact, was that of Attorney Wood's law office. The referee found that when he retained the investigator, Attorney Wood knew and expected that the only way the insurance information could be obtained was by misrepresenting the identity of the person requesting it.

On the basis of the foregoing facts, the referee concluded that Attorney Wood violated SCR 20:3.1(a)(3)[1] by pursuing litigation with an intent to harass or injure the defendant and doing so with malice. Further, the referee concluded that Attorney Wood violated SCR 20:8.4(c)[2] by obtaining a default judgment against the defendant through misrepresentation to the clerk that the judge had ordered a written answer and by obtaining the defendant's insurance records by dishonest means.

The referee properly rejected Attorney Wood's argument that the doctrine of collateral estoppel, by virtue of the judgment on the jury's verdict in favor of the defendant, did not apply in this disciplinary pro-

---

[1] SCR 20:3.1 provides:

**Meritorious claims and contentions**
(a)   In representing a client, a lawyer shall not:
(3)   file a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the client when the lawyer knows or when it is obvious that such an action would serve merely to harass or maliciously injure another.

[2] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

ceeding because the issues of abuse of process and malice had not been fully litigated in that action. The referee found to the contrary and, in addition, concluded that, independent of the application of collateral estoppel, Attorney Wood pursued litigation against the defendant when he knew or when it was obvious that his doing so would serve merely to harass or maliciously injure the defendant.

We adopt the referee's findings of fact and conclusions of law and determine that the license suspension recommended by the referee is appropriate discipline for Attorney Wood's misconduct in these matters. We also require that Attorney Wood pay the costs of this proceeding, rejecting his objection to the Board's statement of costs on the ground that certain costs and fees had not been itemized or supported by invoice. Attorney Wood did not renew that objection after the Board provided him a lengthy itemization of costs.

IT IS ORDERED that the license of James C. Wood to practice law in Wisconsin is suspended for a period of 60 days, commencing March 20, 1995.

IT IS FURTHER ORDERED that within 60 days of the date of this order James C. Wood pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James C. Wood to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that James C. Wood comply with the provisions of SCR 22.26 concerning the duties

of a person whose license to practice law in Wisconsin has been suspended.